IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LISA PHILLIPS,

    Plaintiff,

v.

TRANS UNION, LLC, *et al*.,

    Defendants.

Civil Action No.: 3:16-cv-00088-NKM-JCH

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Defendant Specialized Loan Servicing LLC (hereinafter "SLS") provides the following objections and responses to Plaintiff's First Interrogatories and Requests for Production of Documents.

**PRELIMINARY STATEMENT**

SLS's objections and responses to the following Interrogatories and Requests for Production ("Discovery Requests") are made in good faith and based on information currently known to SLS. SLS does not waive its right to supplement and/or amend its objections and responses to the Discovery Requests as it continues to investigate the issues raised in this litigation. Additionally, certain personal identifying information has been redacted from the produced documents; such redactions may be discussed with counsel for SLS.

**INTERROGATORIES**

1. Please identify all persons known to you to have information related to this case, any allegations in this case or the Plaintiff. For each such person, identify:

a. Person's name;

b. Whether such person is employed with you; if not, please provide the person's last known address and telephone number;

c. The substance of what you believe this person to know.

d. The City and State where the Plaintiff may depose each such person.

ANSWER:

**SLS objects to this interrogatory because it is overly broad, unduly burdensome, and ambiguous in that it seeks information about "all persons known to you to have information related to this case." Such overbreadth necessarily includes individuals without firsthand knowledge and counsel in this matter. Accordingly, SLS further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privileges. Further, this interrogatory improperly seeks a legal conclusion and information that is not proportional to the needs of the case.**

**Based on the foregoing objections and pursuant to Rule 33(d), SLS directs Plaintiff to the individuals who have firsthand knowledge of SLS's handling of the Plaintiff's account and who are identified in the attached servicing and credit reporting documentation produced by SLS. Specifically as related to the claims in this matter, SLS identifies the following personnel who reviewed and returned certain ACDV forms to Trans Union. These individuals are:**

1. **Kristen XXXXXXX. Kristen may have knowledge of SLS's January 27, 2016 ACDV form returned to Trans Union concerning a dispute by Plaintiff.**

2. **Abigail XXXXXXX. Abigail may have knowledge of SLS's June 20, 2016 ACDV form returned to Trans Union concerning a dispute by Plaintiff.**

3. **Paula XXXXXXX. Paula may have knowledge of SLS's September 13, 2016, ACDV form returned to Trans Union concerning a dispute by Plaintiff.**

**Any employee of SLS, including the three above named individuals, should be contacted through undersigned counsel.**

**SLS further responds that the individuals identified in SLS's Rule 26(a)(1) disclosures, including the Plaintiff and certain employees of Trans Union, may have knowledge or information related to Plaintiff's claims.**

2. With respect to the Account, please identify and produce:

   a. All facts tending to show that the Plaintiff was obligated on each such Account

   b. The amount of Plaintiff's obligation on the Account;

   c. All documents related to the Account including but not limited all credit applications, billing statements and correspondence between the parties.

ANSWER:

**SLS objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, it seeks information not relevant to any party's claim or defense given the scope of the allegations set out in the Complaint. Specifically, Plaintiff's claims concern only alleged conduct, beginning in or around January 2016, related to the accuracy of the delinquency date of the Account as reported to Trans Union. Therefore, Plaintiff's general obligations on the Account, if any, the amount of the obligation, if any, and the identification of "all . . . credit applications, billing statements and correspondence between the parties" does nothing to narrow the issues for trial or lead to discoverable information. This broad interrogatory goes beyond the claims in this action as there are no claims related to the origination or servicing of the Account. Moreover, seeking the production of documents in an interrogatory is not proper. Nevertheless, based on the foregoing objections and pursuant to Rule 33(d), SLS directs the Plaintiff to the attached documents: Note, Deed of Trust, Payment History, Mortgage Servicing Notes, and Settlement Approval. Without further explanation of how additional information relates to the claims against SLS, SLS will not respond to this interrogatory.**

3. Did you receive Plaintiff's Consumer Dispute? If so:

   a. Did you conduct an investigation into the Plaintiff's Consumer Dispute?

   b. Please describe all steps taken in your investigation and the results of your investigation.

   c. If you did not conduct any investigation into the Plaintiff's Consumer Dispute, please explain why you did not conduct such an investigation.

ANSWER:

**SLS objects to this interrogatory to the extent that it purports to require SLS to identify**

**and/or stipulate to a particular standard of care owed to Plaintiff by SLS. SLS objects to this interrogatory because it seeks information that is confidential, proprietary, and/or trade secret information. SLS also objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege.**

**Subject to and without waiver of the foregoing objections, SLS responds that it received ACDV transmissions from Trans Union regarding Plaintiff's Account and disputes on January 25, 2016, June 8, 2016, and September 9, 2016. SLS conducted an investigation into each dispute, returning each ACDV to Trans Union on January 27, 2016, June 20, 2016, and September 13, 2016. In response to each ACDV, SLS's ACDV operator reviewed the form, checked SLS's records regarding the disputed information, and responded accordingly. SLS further responds that pursuant to Rule 33(d), the answer to the interrogatory may be derived or ascertained from the business records maintained by SLS, particularly the ACDVs returned to Trans Union. Accordingly, please see the attached ACDV forms.**

4. Explain in detail your procedures for investigating consumer disputes forwarded by the national consumer reporting agencies.

ANSWER:

**SLS objects to this interrogatory to the extent that it purports to require SLS to identify and/or stipulate to a particular standard of care owed to Plaintiff by SLS. SLS objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Additionally, SLS objects to this interrogatory because it seeks information that is confidential, proprietary, and/or trade secret information. SLS also objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege. Finally, SLS objects to the extent this interrogatory is not limited to Plaintiff's allegations both in substance and temporally.**

**Consistent with these objections SLS responds generally that its ACDV operators review the substance of the dispute, check SLS's internal records regarding the alleged reporting error, and respond accordingly.**

5. Did you contact anyone, including the Plaintiff, in any fashion in connection with your reinvestigation of the Plaintiff's Consumer Dispute? If so,
    a. Identify each and every Contact made by you or your agent in connection with your reinvestigation efforts. For each such Contact, identify:

   i. The name of each person who initiated such Contract.

   ii. The date and time of each such Contact;

   iii. If such Contact was made by telephone, identify:

     1. Whether such Contact resulted in a conversation with the Plaintiff(s) and if so, identify:

     2. the name of the person or entity that your agent contacted;

     3. the telephone number you or your agent used in making such Contact;

     4. the sum and substance of any conversation that occurred because of such Contact;

  b. If such Contact was made by any means, other than by telephone, identify:

   i. the name of the person who Defendant contacted or attempted to contact;

   ii. the medium used by Defendant with respect to each Contact; and

   iii. produce all notes relative to such Contact.

ANSWER:

**SLS objects to this interrogatory because the undefined term "Contact" is ambiguous. Additionally, SLS objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, it seeks information not relevant to any party's claim or defense given the scope of the allegations set out in the Complaint in that it requests SLS to identify "anyone" related to Plaintiff's Consumer Dispute in "any fashion." Specifically, there is no qualification on identifying those communications that are material or relevant to a claim or defense in this matter. Further, SLS objects to this interrogatory because SLS does not necessarily conduct a "reinvestigation" under 15 U.S.C. § 1681s-2(b). Additionally, SLS objects to the extent this interrogatory presupposes a particular obligation of SLS to contact anyone regarding a consumer credit dispute. SLS also objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege.**

**Consistent with these objections SLS responds that pursuant to Rule 33(d), Plaintiff is directed to SLS's Mortgage Servicing Notes.**

6. Do you have any policies or procedures that apply to your reinvestigation with respect to the Plaintiff's Consumer Dispute? If so, please identify:

    a. Each and every policy and procedure you have that relate to the Plaintiff's consumer dispute;

    b. Each and every document that you have that relate to such reinvestigation policy as it applied to your handling of the Plaintiff's consumer dispute.

ANSWER:

**SLS objects to this interrogatory to the extent that it purports to require SLS to identify and/or stipulate to a particular standard of care owed to Plaintiff by SLS. SLS further objects because this interrogatory seeks information that is highly confidential, proprietary, and/or trade secret information. Also, SLS objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, it seeks information not relevant to any party's claim or defense given the scope of the allegations. Specifically, it seeks "each and every" document that "relate[s]" to the Plaintiff's lawsuit. Additionally, SLS objects to this interrogatory because SLS does not necessarily conduct a "reinvestigation" under 15 U.S.C. § 1681s-2(b). SLS also objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege. Based on the foregoing objections, including the ambiguity associated with Plaintiff's use of the word "reinvestigation," SLS identifies only its Company Policy entitled "Fair Credit Reporting Act (FCRA)" and will produce said document only subject to an entered protective order. A draft is attached.**

7. Identify by description, author, and date of creation any documents which have been requested by Plaintiff, but which have been withheld on the basis of trade secret, confidentiality or privilege.

ANSWER:

**SLS directs Plaintiff to its previous responses.**

8. Identify every lawsuit, including case number, venue, parties, and amount of any settlement or judgment paid by you, in which you were alleged to have improperly reported or reinvestigated credit reporting data relating to a consumer report.

ANSWER:

**SLS objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, it seeks information not relevant to any party's claim or defense given the scope of the allegations set out in the Complaint. Specifically, Plaintiff's claims concern only alleged conduct, beginning in or around January 2016, related to the reporting on the Account to Trans Union. Plaintiff's case is not a class action but instead is related to an isolated, individual situation. SLS is also a national mortgage servicer subject to legal action in the vast majority of jurisdictions across the United States regardless of the veracity of the filed action. Therefore, requesting that SLS identify and disclose "every lawsuit" in which a party asserts a claim for improper credit reporting, without regard to the merits of any such claim or its similarity to the circumstances here, does nothing to narrow the issues for trial or lead to discoverable information. To the contrary, the interrogatory is wildly disproportional to the needs of the case, the amount in controversy, and is an attempt to drive up costs of the case and/or embarrass SLS. Further, SLS objects to this interrogatory to the extent it seeks information/documents which were prepared in anticipation of litigation, are protected by the attorney-client privilege, are protected by the work product doctrine, and/or are otherwise privileged or protected from disclosure. Without further explanation of how this information relates to the claims against SLS, SLS is not identifying any lawsuits or other documents responsive to this interrogatory.**

### Document Requests

1. Please produce your entire file related to the Plaintiff, including but not limited to all correspondence, notes and memoranda, automated consumer dispute verification forms, recordings of any nature and in any format, and communications of any nature from any person or entity.

ANSWER:

**SLS objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, it seeks information not relevant to any party's claim or defense given the allegations set out in the Complaint. Specifically, Plaintiff's claims concern only alleged conduct, beginning in or around January 2016, related to the accuracy of the delinquency date of the Account as reported to Trans**

Union.  Therefore, the "entire file related to Plaintiff" does nothing to narrow the issues for trial or lead to discoverable information and falls outside the scope of permissible discovery under Rule 26(b) and Rule 34. SLS also objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege.  SLS is not producing the entire file related to Plaintiff and directs Plaintiff to the attached relevant records from Plaintiff's loan file.  To the extent Plaintiff seeks specific documents or records, in addition to the attached, SLS is willing to consider a more refined request.  Discovery is ongoing and SLS reserves the right to supplement this response following further investigation, or to rely on any documents or other evidence identified by any party to this litigation in supporting its available defenses.

2. Please produce all documents related to your reinvestigation of the Plaintiff's Consumer Dispute.

ANSWER:

SLS objects to this request because SLS does not necessarily conduct a "reinvestigation" under 15 U.S.C. § 1681s-2(b).  SLS also objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work-product doctrine, or other applicable privilege.  Further, SLS objects to the extent the phrasing of this question implies certain facts or obligations not yet proven, shown, or existing with this matter.

Subject to and without waiver of the foregoing objections, SLS directs Plaintiff to the attached documents.  Additionally, discovery is ongoing, and SLS reserves the right to supplement this response following further investigation or to rely on any documents or other evidence identified by any party to this litigation in supporting its available defenses.

3. Please produce all documents related to all Contact or Contacts made by the Defendant.

ANSWER:

SLS objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Moreover, it is ambiguous in that it seeks information regarding the undefined phrase "all Contact or Contacts made by Defendant." Based on the foregoing objections, SLS is not producing any documents responsive to this request.  Should Plaintiff identify specific documents or records with an explanation as to the propriety of their discovery in this matter, SLS will re-visit its response.

4. Please identify and produce all documents that you have in support of your defenses to this action.

ANSWER:

**SLS objects to this request as premature. SLS has not yet had the opportunity to analyze each party's documents and/or depose Plaintiff, or any other witness. As discovery is ongoing, SLS reserves the right to supplement this response consistent with Rule 26.**

**Subject to and without waiver of the foregoing objections, SLS, at this time, directs Plaintiff to the attached documents.**

5. Please identify and produce all documents related to any Affirmative Defense asserted by the Defendant.

ANSWER:

**Please see SLS's response to Request for Production No. 4.**

6. Please identify and produce all recordings of any conversations between the parties.

ANSWER:

**SLS objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Based on the foregoing objections, SLS is not producing any documents responsive to this request. Should Plaintiff identify specific conversations with an explanation as to the propriety of their discovery in this matter, SLS will re-visit its response.**

7. Please identify and produce all documents listed in your Rule 26 Initial Disclosures.

ANSWER:

**Please see the attached document production.**

Dated: June 2, 2017                                         Respectfully submitted,

                                                            SPECIALIZED LOAN SERVICING LLC
                                                            By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP


/s/ Nathan Brown
Nathan I. Brown, Esq., VSB No. 65304
E-mail: nathan.brown@nelsonmullins.com
949 3rd Avenue, Suite 200
Huntington, West Virginia 25701
Telephone: (304) 526-3518
Facsimile: (304) 526-3581

*Counsel for Specialized Loan Servicing LLC*

# CERTIFICATE OF SERVICE

       I hereby certify that on this the 2nd day of June, 2017, a true and accurate copy of the foregoing document and referenced document production was served on counsel for the Plaintiff via electronic mail:

       Jason Meyer Krumbein, Esq.
       KRUMBEIN CONSUMER LEGAL SERVICES, INC.
       1650 Willow Lawn Drive
       Richmond, VA 23230
       Telephone: (804) 564-4871
       Facsimile: (804) 673-4350
       E-mail: krumbeinlaw@gmail.com

*Counsel for Plaintiff Lisa Phillips*

       /s/ Nathan Brown
       Nathan I. Brown, Esq., VSB No. 65304
       E-mail: nathan.brown@nelsonmullins.com
       Nelson Mullins Riley & Scarborough LLP
       949 3rd Avenue, Suite 200
       Huntington, West Virginia 25701
       Telephone: (304) 526-3518
       Facsimile: (304) 526-3581

*Counsel for Specialized Loan Servicing LLC*